AO 91 (Rev. 08/09)  Criminal Complaint                                    AUSA Carmen M. Lineberger

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

United States of America      )
v.      )
     )  Case No.  19-0035-BER
TORRIE CHERMAINE AUSTIN ,      )
     )
     )
*Defendant(s)*

FILED BY_____ *CM* ___D.C.

MAR 1 4 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   4/24, 5/20, 6/22, 11/19, and 11/20/2018   in the county of   Martin   in the
_____Southern_____ District of   Florida   , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 2251(a) | Production of visual depictions of minors engaging in sexually explicit conduct |
| Title 18 U.S.C. §2252(a)(4) | Possession of visual depictions of minors engaging in sexually explicit conduct |

This criminal complaint is based on these facts:

-SEE ATTACHED AFFIDAVIT-

☐ Continued on the attached sheet.

*Complainant's signature*

FBI TFO MCSO Corporal  Detective Brian K. Broughton
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   March 14, 2019

*Judge's signature*

City and state:   West Palm Beach, Florida

Bruce E. Reinhart, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT OF**
**BRIAN K. BROUGHTON**
**TASK FORCE OFFICER**
**FEDERAL BUREAU OF INVESTIGATIONS**

I, Brian K. Broughton, after being duly sworn, depose and state:

1.    I am a task force officer (TFO) with the United States Federal Bureau of Investigations (FBI). I am also employed by the Martin County Sheriff's Office (MCSO) and assigned to the Special Victims Unit, which is responsible for investigating sex related crimes and child exploitation.  I have been a sworn law enforcement officer in the State of Florida since March 15, 1992.

2.    I have received specialized training in the investigations of sex crimes, child exploitation, child pornography, and computer crimes, including FBI Round-up Peer-To-Peer (P2P) Investigations, Round-up EMule Investigations, Round-up ARES Investigations, Basic Sex Crimes Investigations, and Sexual Deviant Behavior.  I have been involved in investigations involving child pornography and online solicitation/enticement of a minor, including investigations of individuals suspected of violating federal child pornography laws under 18 U.S.C. §§ 2251, 2252, 2252A, 2422 and 2423. I have completed the Treasury Computer Forensic Training Program's Basic and Advanced Computer Evidence Recovery Training Courses.  I have also written search warrants and participated in the execution of search warrants involving searches and seizures of computers, computer equipment, software, and electronically stored information.

3.    I have participated in investigations involving pedophiles, preferential child molesters, and persons who collect and/or distribute child pornography, along with the importation and distribution of materials relating to the sexual exploitation of children.  I have received specialized training in the area of

1

child pornography and child exploitation.  I have completed the Treasury Computer Forensic Training Program's Basic and Advanced Computer Evidence Recovery courses and I am currently assigned as a computer forensic examiner. I have observed and reviewed examples, and assisted in numerous child pornography and child exploitation investigations, which have involved reviewing examples of evidence in all forms of media including computer media, and have discussed and reviewed these materials with other law enforcement officers.

4.   I am conducting an investigation involving the sexual exploitation of children and related activities of the individual named herein, TORRIE CHERMAINE AUSTIN.  I am familiar with the facts and circumstances surrounding this investigation from my own investigative efforts, as well as from information obtained from other law enforcement officers with personal knowledge of the evidence and activities described herein. Although familiar with the facts and circumstances of this investigation, I have not included each and every fact known to me about the matters set forth herein, but only those facts that I believe are necessary to establish probable cause to believe that TORRIE CHERMAINE AUSTIN has violated Title 18, United States Code, § 2251(a), which makes it a crime to produce any visual depiction of minors engaging in sexually explicit conduct.

## THE INVESTIGATION

5.   On January 10, 2019, a complainant reported to Martin County Sheriff's Office deputies that she found two videos, depicting the sexual abuse and exploitation of her 11 year old daughter, MK, hereafter referred to as VICTIM.  She stated she located them on the cellular phone of her boyfriend, thirty five year old, TORRIE CHERMAINE AUSTIN (hereafter referred to as "AUSTIN").

2

6.    Later that day, I met with the complainant who turned her
cellular phone over to me.  Complainant stated that she suspected
that AUSTIN was cheating on her.  As a result, on January 9, 2019,
she looked in AUSTIN's phone discovering numerous pornographic
videos of AUSTIN with other women. In addition, complainant found
two videos of VICTIM, filmed as VICTIM was sleeping.   In the
videos, as VICTIM was sleeping, the camera becomes focused on the
pubic area of VICTIM.   The two videos show a Black male's hand
pulling VICTIM's underwear panties aside, exposing the pubic area,
manipulating her vagina, spreading the vaginal walls and rubbing
her vagina. Complainant stated she copied the videos to her
cellular phone. I exported these videos from complainant's cellular
phone as evidence, because the videos' production involved using a
minor engaging in sexually explicit conduct.   These videos
constitute child pornography, because the overall content of the
material is of a sexual nature, designed to elicit a sexual
response in the viewer; and the primary focal point of the videos
is on the minor's pubic area, as AUSTIN's hands expose, manipulate
and rub the minor's bare vagina.

7.    MCSO Det. D Brieske and I then went to AUSTIN's place of
employment, located at 3400 SE Aster Ln, Stuart, FL 34994. In a
private room, after identifying ourselves, we conducted a non-
custodial and voluntary interview of AUSTIN. I asked AUSTIN about
the videos of VICTIM that his girlfriend found on his cellular
phone the day before. AUSTIN admitted that he made the videos,
pulling VICTIM's underwear panties aside, exposing the pubic area,
manipulating her vagina. AUSTIN claimed it was a mistake, blaming
it on cocaine use. He believed that he recorded the videos a few
months prior, while living at 361 SE Rogers Court, Stuart, Martin
County, Florida.   I arrested AUSTIN and transported him to the
Martin County Sheriff's Office. Incident to arrest, I seized
AUSTIN's LG Cellular Phone, LM-X410UM, IMEI # 353694-09-010499-6,

3

from his person, believing that it might still contain evidence of the sexual exploitation.

8.    Once back at the Sheriff's Office, I advised AUSTIN of his <u>Miranda</u> Rights, which he waived, agreeing to speak with me. AUSTIN once again admitted to filming the incidents where he pulled the sleeping VICTIM's underwear panties aside, exposing the pubic area, manipulating her vagina He stated this occurred while he was watching the VICTIM while her mother was working.   During the interview, I showed AUSTIN the videos, which he confirmed he recorded using his phone and he identified both VICTIM and his hand. He also confirmed that the videos were still on his cellular phone, along with several other non-related pornographic videos and images.

9.    On January 11, 2019, I secured a state search warrant, signed by Judge D. Steele, for the contents of the LG Cellular Phone, LM-X410UM, IMEI # 353694-09-010499-6. This cellular phone was made in China, and thus travelled in interstate and/or foreign commerce. I conducted a forensic examination of the cellular phone, utilizing Cellebrite and located the two aforementioned videos depicting the sexual exploitation of VICTIM, saved to the Google Photos application of Google user, "torrieaustin1983@gmail.com."

10.    On January 11, 2019, I secured a state search warrant, Judge D. Steele for any and all email communications, sent and received by "torrieaustin1983@gmail.com", as well as any online storage (ie. Google Drive or Google Photos) associated with "torrieaustin1983@gmail.com."   I served the search warrant on Google for processing.

11.    I received a response from Google, consisting of numerous photos and videos, saved to AUSTIN's Google Drive and Google Photos. In addition to the two previous videos, I found several others where AUSTIN recorded himself pulling the VICTIM's panties aside with his hand, and filming her exposed pubic area and

4

vagina. In all the videos, the VICTIM appears to be asleep or incapacitated. My forensic examination also revealed the meta-data of the videos, which detailed the dates of the videos' production. AUSTIN produced the sexually exploitive videos of VICTIM on April, 24, 2018; May 20, 2018; June 22, 2018; November 19, 2018; and November 20, 2018.

12.    On March 11, 2019, I showed the videos recovered from AUSTIN's Google Drive and Google Photos, to VICTIM's mother, the complainant.  From the videos, complainant identified VICTIM, as well as VICTIM's bedding and clothing.  From the videos, complainant identified AUSTIN's clothing, hands, jewelry, and feet. From the videos, complainant also confirmed that the location was AUSTIN's previous residence, 361 SE Rogers Court, Stuart, Martin County, Florida.

13.  Based on the foregoing facts, I believe there is probable cause to charge TORRIE CHERMAINE AUSTIN with violations of Title 18, United States Code, Section 2251(a) which makes it a crime to produce any visual depiction of minors engaging in sexually explicit conduct.

FURTHER, YOUR AFFIANT SAYETH NAUGHT.

_____
Brian K. Broughton
Task Force Officer
Federal Bureau of
Investigations


Sworn and subscribed to before me this **14th** day of March, 2019, in West Palm, Florida.

_____
BRUCE E. REINHART
United States Magistrate Judge

5



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 19-0035-BER

UNITED STATES OF AMERICA

v.

TORRIE CHERMAINE AUSTIN,

Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?     ___ Yes  ✓ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  ___ Yes  ✓ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____

CARMEN M. LINEBERGER
ASSISTANT UNITED STATES ATTORNEY
District Court No. A5501180
101 South U.S. Highway 1, Suite 3100
Fort Pierce, Florida 34950
Tel:      772-466-0899
Fax:      772-466-1020
Email:   Carmen.Lineberger@usdoj.gov